In the Matter of MICHAEL M. D'AURIA, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, September 9, 1974.

*Solomon A. Klein,* petitioner *pro se* (*Frank A. Finnerty, Jr.,* of counsel), for petitioner.

*Jack Korshin* for respondent.

*Per Curiam.* The respondent was admitted to the Bar on April 2, 1952 at a term of the Appellate Division of the Supreme Court in the Second Judicial Department. He served as a Justice of the Supreme Court from January 1, 1969 until his resignation on July 28, 1971.

The petition, upon specifications contained in paragraphs Tenth through Nineteenth thereof, charges that the respondent, while serving as a Justice of the Supreme Court and while engaged in the private practice of law prior thereto, was guilty of professional misconduct and of the commission of various illegal acts. The Justice of the Supreme Court to whom the issues herein were referred has submitted his report to this court in which he concluded, as will be detailed herein, that certain of the charges have been sustained and that others have not been sustained. The petitioner now moves to confirm in part and to disaffirm in part the report and for imposition of discipline. The respondent cross-moves to confirm the report insofar as it finds that the charges have not been sustained, to disaffirm the report insofar as it finds that the charges have been sustained, and to dismiss the proceeding.

Subdivision (1) of paragraph Nineteenth of the petition charges, in part, that the respondent, as a witness under oath at the official inquiry into his conduct conducted by Hon. CHARLES FROESSEL, falsely testified that he had not met with one Charles Orlando in June, 1969. In our opinion, contrary to the report, this charge was sustained by the evidence.

Subdivisions (3) and (4) of paragraph Sixteenth, as detailed by the petitioner's bill of particulars, charge that, prior to becoming a Justice of the Supreme Court, the respondent repre-

sented conflicting interests of RKO and Century Theatres, which made it impossible to represent RKO with undivided fidelity, and deceived a fellow attorney as to the total amount of the fee to be received from the client RKO, in which fee the fellow attorney was to share. Subdivision (4) of paragraph Nineteenth, as detailed by the petitioner's bill of particulars, charges that, as a witness under oath at the aforesaid FROESSEL inquiry, the respondent falsely testified that he had declined to represent RKO with respect to a zoning application and that, aside from two initial meetings prior to such declination, he had nothing further to do with representing RKO. The reporting Justice has found that these charges were sustained. In our opinion they were sustained by the proof and these findings should be confirmed.

Subdivision (1) of paragraph Sixteenth and subdivision (4) of paragraph Nineteenth, as detailed by petitioner's bill of particulars, charge that early in 1967 the respondent requested and subsequently received a $3,000 fee from a Dr. Anton Notey in connection with a zoning application, that the respondent rendered no legal services whatever in connection with the matter and that, as a witness under oath at the aforesaid FROESSEL inquiry, he falsely testified that he had declined to handle the zoning matter and that he had never received the $3,000. The reporting Justice has found that these charges were sustained. In our opinion they were sustained by the proof, and these findings should be confirmed.

Subdivision (1) of paragraph Fifteenth charges, in part, that in late 1968, prior to assuming the office of Justice of the Supreme Court, the respondent sold a substantial portion of his law practice to another attorney in consideration of the payment of $10,000 per year for a period of five years. In our opinion, contrary to the report, this charge was sustained by the evidence and constitutes a violation of canon 34 of the Canons of Professional Ethics.

Paragraph Fourteenth charges, in part, that while holding office as a Justice of the Supreme Court the respondent engaged in the practice of law. In our opinion, contrary to the report, the charge was sustained to the extent that the proof establishes that the respondent counseled and advised clients in connection with the Varley Homes zoning matter.

Subdivision (2) of paragraph Sixteenth charges that prior to becoming a Justice of the Supreme Court the respondent engaged in professional misconduct with respect to zoning matters before the Town Board of the Town of Oyster Bay by par-

ticipating in improper division of fees in connection with matters in which he had a contingent fee interest and by concealing his economic interest and attorneyship. In our opinion, contrary to the report, the charge was sustained by the proof adduced in connection with the Notey, RKO and Levin-Gruber Syosset zoning matters and constituted a violation of canons 26 and 34 of the Canons of Professional Ethics.

Paragraph Thirteenth charges, in part, that the respondent, in concert with others, prepared and submitted to the aforesaid FROESSEL inquiry a false document dated March 6, 1967, relating to the transfer of a Chris Craft boat, with the intent to obstruct the due course of the inquiry. Subdivisions (2) and (3) of paragraph Nineteenth charge, in part, that the respondent, as a witness under oath before the FROESSEL inquiry, falsely denied that he had fabricated the document dated March 6, 1967 and falsely denied that the transfer of the boat constituted additional compensation to him for his services. Paragraph Seventeenth, as amplified by item XI of petitioner's bill of particulars, charges, in part, that the respondent committed the crime of income tax evasion in failing to report the income represented by the transfer of the aforesaid boat. Paragraph Eighteenth charges, in part, that the respondent cheated his law partners of their share of the compensation represented by the transfer of this aforesaid boat. In our opinion, contrary to the report, these charges were sustained by the proof.

Accordingly, the petitioner's motion is granted insofar as it seeks to confirm those of the reported findings which sustain certain of the charges, as set forth above, and to disaffirm those of the findings which state that certain of the charges, as set forth above, are not sustained. The petitioner's motion is otherwise denied. The respondent's motion is denied insofar as it seeks to confirm those of the findings that certain of the charges, as above set forth, are not sustained and to disaffirm those of the findings which state that certain of the charges, as set forth above, are sustained. The respondent's motion is otherwise granted.

. The respondent is adjudged guilty of serious professional misconduct. He is therefore disbarred from the further practice of law and his name is ordered to be removed from the roll of attorneys and counselors at law, effective forthwith.

HOPKINS, Acting P. J., MARTUSCELLO, LATHAM, COHALAN and BRENNAN, JJ., concur.